**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLYN DUNCAN BESTER, | ) | CASE NO. 1:18CV207 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| MUNCH ANYTIME RESTAURANTS, | ) | |
| LLC, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #14) of Plaintiff for Leave to File Third Amended Complaint. For the following reasons, the Motion is granted.

### I. BACKGROUND

Plaintiff originally brought this action on January 26, 2018, claiming that Defendants interfered with her FMLA rights, retaliated against her for exercising her FMLA rights, discriminated against her for a disability or perceived disability in violation of Ohio law, and failed to accommodate her disability under Ohio law. The parties have engaged in initial discovery focusing on identifying the proper employer defendants.

On July 19, 2018, Plaintiff filed her Motion to add Know Betta Breakfasts LLC and to drop Blue Sapphire, Inc. as parties to this action. Plaintiff seeks to proceed against Munch Anytime Restaurants, LLC (Parma-area Denny's); Totally Tasty Entrees, LLC (Youngstown-area Denny's); Know Betta Breakfasts, LLC (Western Pennsylvania Denny's); Sham Asnani (owner/decision maker); and Yashna Asnani (owner/ decision maker). Plaintiff also wishes to add a Spoliation of Evidence claim.

Defendants object, arguing that Plaintiff has failed to plead sufficient facts to state claims against Totally Tasty Entrees, Know Betta Breakfasts and Yashna Asnani as employers under FMLA or Ohio disability discrimination law.

## II. LAW AND ANALYSIS

### Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party, not entitled to amend as a matter of course, seeks leave to amend their complaint, the court should give leave freely when justice so requires. In *Foman v Davis*, the Supreme Court further held that if a plaintiff's claims rest upon facts that may be a proper subject for relief, then he should be given the chance to test his claims on the merits. 371 U.S. 178, 182 (1962). Further, the Court held that "in the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave sought should, as the rules require, be freely given." *Id.*

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*,

290 F.3d 800 (6th Cir. 2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate a dispositive motion, the Sixth Circuit also noted that "another round of motion practice... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

Plaintiff's Complaint outlines that Plaintiff was employed at various Denny's locations for over twenty-five years. Once she was promoted to Area General Manager, Plaintiff was required to report to, and train employees at, various locations throughout Northeast Ohio and Western Pennsylvania. Plaintiff alleges that Munch Anytime, Totally Tasty Entrees and Know Betta Breakfasts are "joint employers" and/or "integrated enterprises" that are owned and controlled by Sham and Yashna Asnani. Sham and Yashna Asnani allegedly control the terms and conditions of Plaintiff's employment at the various restaurants/locations. Further, Plaintiff alleges that a Munch Anytime employee/manager, Roy Main, willfully, maliciously and/or negligently destroyed or altered documents relevant to Plaintiff's claims and disrupted her case.

The Court recognizes that Plaintiff's claims are not artfully pleaded. The Court also believes that Plaintiff's attempted amendments, with their associated delays in the proceedings, demonstrate insufficient pre-suit investigation. Nevertheless, the Court finds that the proposed amendments do satisfy Rule 15's liberal amendment policy and the Court cannot say that they are necessarily futile. The Court finds that Defendants' arguments would be more appropriately considered after discovery and at the summary judgment stage.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #14) of Plaintiff for Leave to File Third Amended Complaint is granted. Plaintiff shall file her amended pleading, captioned as First Amended Complaint, on or before November 9, 2018.

**IT IS SO ORDERED.**

                                                **s/ Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: November 2, 2018**